UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH MONTEFERRANTE, on behalf of herself and all others similarly situated, | Case No. 16-cv-10578 |
| Plaintiff, | Class Action Complaint |
| -against- | Jury Trial Demanded |
| WILLIAMS-SONOMA, INC., | |
| Defendant. | |

Plaintiff Judith Monteferrante ("Ms. Monteferrante" or "Plaintiff"), on behalf of herself and all other similarly situated individuals, by her attorneys, Finkelstein, Blankinship, Frei-Pearson & Garber, LLP and The Richman Law Group, as and for her class action complaint, alleges, with personal knowledge as to her own actions, and upon information and belief as to those of others, as follows:

**Nature of this Case**

1.      This action seeks to redress Williams-Sonoma, Inc.'s ("Williams-Sonoma" or "Defendant") unlawful invasion of its customers' privacy and disregard for the laws of the Commonwealth of Massachusetts designed to protect consumers' rights to be free from intrusive corporate data collection and marketing. In callous disregard for the rights of Massachusetts consumers, Williams-Sonoma collected ZIP codes from its customers when they made purchases using credit cards at its retail stores. Williams-Sonoma's employees did not ask customers for their ZIP codes because the credit card companies require that Defendant do so, nor did Williams-Sonoma's employees request ZIP codes for verification purposes.

2.      Rather, Williams-Sonoma collected ZIP codes for its own business purposes.

Defendant uses a customer's ZIP code and name to identify that customer's address and/or telephone number by using commercially available databases. Williams-Sonoma is thus able to use that personal identification information for intrusive marketing purposes, which include Williams-Sonoma's own direct marketing, such as sending junk mail directly to consumers' homes without their permission. Williams-Sonoma can also sell that personally identifiable information to third parties.

3. As Williams-Sonoma, a sophisticated multinational corporation, is fully aware, the collection of ZIP codes from consumers using credit cards violates Mass. Gen. Laws ch. 93 § 105, which provides that:

> No person . . . that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number.

4. This suit is brought pursuant to Mass. Gen. Laws ch. 93 § 105 and ch. 93A § 9 on behalf of the Plaintiff and a class of Massachusetts consumers whose personal identification information was wrongfully collected by Williams-Sonoma and who subsequently received marketing materials from Williams-Sonoma from April 15, 2009 to the present ("Class"). It seeks, *inter alia,* injunctive relief, statutory damages, treble damages, attorneys' fees and the costs of this suit.

## Jurisdiction and Venue

5. Jurisdiction in this civil action is authorized pursuant to 28 U.S.C. § 1332(d), as minimal diversity exists, there are more than 100 class members and the amount in controversy is in excess of $5 million.

**Parties**

6.     Plaintiff Judith Monteferrante is a citizen and resident of the Commonwealth of Massachusetts. When making a credit card purchase at a Williams-Sonoma in Massachusetts, Ms. Monteferrante was asked to provide her ZIP code. Under the mistaken impression that she was required to do so in order to complete the transaction, she complied. Ms. Montefferante subsequently received unwanted marketing materials from Defendant at her home address. Indeed, she recalls having received such unwanted marketing materials long after March 2013.

7.     Defendant William-Sonoma, Inc. is a corporation established under the laws of the State of Delaware, with its principal place of business located in San Francisco, California. Williams-Sonoma maintained a policy of writing consumers' credit card numbers, ZIP codes and names on an electronic credit card transaction form in connection with credit card purchases.

**Operative Facts**

8.     Data mining is one of the more pernicious practices in which retailers engage. Like crows collecting shiny bits of silver to line their nests, retailers like Williams-Sonoma use whatever means necessary to collect customer data so that they can better market their wares. Indeed, the collection of personally identifiable information is rampant, and it results in intrusive direct marketing and the invasion of consumers' privacy, as consumers' identities and purchasing habits become valuable commodities that can be bought and sold without their consent.

9.     Responding to consumers' cries for protection, many states, including the Commonwealth, have enacted laws such as Mass Gen. Laws ch. 93 § 105(a), which is designed to protect consumers' privacy by preventing retailers from using a consumer's decision to pay with a credit card as an excuse for collecting personally identifiable information.

10.    In applying this statute, the Massachusetts Supreme Judicial Court has held that a

consumer's ZIP code is "personal identification information" ("personally identifiable information" or "PII") within the meaning of the statute:

> [A] consumer's zip code, when combined with the consumer's name, provides the merchant with enough information to identify through publicly available databases the consumer's address or telephone number, the very information §105 *(a)* expressly identifies as personal identification information. In other words, to conclude in those circumstances that zip codes are not "personal identification information" under the statute would render hollow the statute's explicit prohibition on the collection of customer addresses and telephone numbers, and undermine the statutory purpose of consumer protection.

Tyler v. Michaels Stores, Inc., 464 Mass. 492, *4 (2013).

11.    Williams-Sonoma violates Mass. Gen. Laws ch. 93 § 105(a). When consumers used credit cards to make purchases at a Williams-Sonoma retail store, the employees at check-out asked consumers for their ZIP codes. The employee subsequently wrote that ZIP code into the electronic credit card transaction form located on the register. Williams-Sonoma used this information not for verification, but instead for its own improper purposes. In particular, Williams-Sonoma has the ability to match the customer's name and ZIP code with an address and/or telephone number, the very information § l05(a) prohibits it from obtaining.

12.    Consumers, like Plaintiff, have a statutorily created privacy interest in not having to divulge their personally identifiable information, including ZIP codes, which Williams-Sonoma violates. Defendant's violation of § 105(a) causes distinct injury and harm to consumers like Plaintiff. Plaintiff and members of the proposed Class were injured as a result of Williams-Sonoma's unlawful collection of their ZIP codes because Williams-Sonoma used that PII to identify consumers' mailing addresses, and subsequently sent, and apparently continues to send, unwanted marketing materials to Plaintiff and other Massachusetts consumers.

13.     In addition to sending unwanted junk mail, Williams-Sonoma can use Plaintiff's and Class members' ZIP code for other purposes, such as selling to third parties the addresses it obtains by matching consumers' names and ZIP codes, or by collecting ZIP codes to determine where to target advertising or open new stores. Disgorgement of Williams-Sonoma's profits derived from these activities provides an appropriate means of calculating Plaintiff's and the Class's damages. Williams-Sonoma does not simply place customers' ZIP codes in a file where it never uses the information for any purpose thereafter.

14.     While Williams-Sonoma claims to have stopped collecting ZIP codes from its customers following the Tyler decision, on information and belief, Williams-Sonoma has maintained the improperly-obtained mailing addresses for its customers and it continues to send such customers unwanted marketing materials.

## Class Action Allegations

15.     Plaintiff Judith Monteferrante brings this action on her own behalf and additionally, pursuant to Rule 23 of the Federal Rules of Civil Procedure, on behalf of a Class of all persons whose ZIP code was recorded by Williams-Sonoma in Massachusetts when such persons made a purchase using a credit card and who subsequently received marketing materials from Williams-Sonoma from April 15, 2009 to the present.

16.     Excluded from the Class is Defendant; any parent, subsidiary, or affiliate of Defendant; any entity in which Defendant has or had a controlling interest, or which Defendant otherwise controls or controlled; and any officer, director, employee, legal representative, predecessor, successor or assignee of Defendant.

17.     This action is brought as a class action under Rule 23(b)(2,3) for the following reasons:

      a.      The Class consists of thousands of persons and is therefore so numerous that joinder of all members, whether otherwise required or permitted, is impracticable;

      b.      There are questions of law or fact common to the Class that predominate over any questions affecting only individual members, including:

          i.      whether Defendant violated Mass. Gen. Laws ch. 93 § 105, thereby violating Mass. Gen. Laws ch. 93A § 2;

          ii.      whether Defendant is being unjustly enriched by, among other things, selling Plaintiff's and the Class's personal identification information to third parties;

          iii.      whether Plaintiff and the Class have sustained damages and, if so, the proper measure thereof; and

          iv.      whether Defendant should be enjoined from the continued collection of ZIP codes from consumers using credit cards, and whether such a practice should be declared unlawful.

      c.      The claims asserted by Plaintiff are typical of the claims of the members of the Class;

      d.      Plaintiff will fairly and adequately protect the interests of the Class, and Plaintiff have retained attorneys experienced in class and complex litigation, including litigation involving consumer protection and § 105(a);

      e.      Prosecuting separate actions by individual Class members would create a risk of inconsistent or varying adjudications with respect to individual Class members that would establish incompatible standards of conduct for Williams-Sonoma, to wit, whether it can lawfully collect ZIP codes from consumers who make purchases using credit cards;

      f.      Williams-Sonoma has acted on grounds that apply generally to the Class,

6

namely unlawfully collecting consumer ZIP codes, maintaining the mailing addresses it improperly obtained from this unlawful conduct, and continuing to mail marketing materials to such addresses, so that final injunctive relief prohibiting Williams-Sonoma from maintaining its unlawfully collected addresses and from sending marketing materials to those addresses is appropriate with respect to the Class as a whole;

  g. A class action is superior to other available methods for the fair and efficient adjudication of the controversy, for at least the following reasons:

    i. Absent a class action, Class members as a practical matter will be unable to obtain redress, Defendant's violations of its legal obligations will continue without remedy, additional consumers and purchasers will be harmed, and Defendant will continue to retain its ill-gotten gains;

    ii. It would be a substantial hardship for most individual members of the Class if they were forced to prosecute individual actions;

    iii. When the liability of Defendant has been adjudicated, the Court will be able to determine the claims of all members of the Class;

    iv. A class action will permit an orderly and expeditious administration of Class claims, foster economies of time, effort and expense and ensure uniformity of decisions;

    v. The lawsuit presents no difficulties that would impede its management by the Court as a class action; and

    vi. Defendant has acted on grounds generally applicable to Class members, making class-wide monetary and injunctive relief appropriate.

18. Defendant's violations of Mass. Gen. Laws ch. 93 § 105(a), itself a violation

Mass. Gen. Laws ch. 93A § 2, are applicable to all members of the Class, and Plaintiff are entitled to have Defendant enjoined from engaging in illegal, deceptive and unfair conduct in the future.

## FIRST CAUSE OF ACTION
### (Violation of Massachusetts Unfair Trade Practices Act, Mass. Gen. Laws ch. 93A)

19. Plaintiff repeats and re-allege the allegations contained in the paragraphs above as if fully set forth herein.

20. Mass. Gen. Laws Ch. 93 § 105(a) provides that:

No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form. Personal identification information shall include, but shall not be limited to, a credit card holder's address or telephone number. The provisions of this section shall apply to all credit card transactions.

21. Williams-Sonoma is a corporation that accepts credit cards for retail transactions.

22. When a consumer used a credit card at Williams-Sonoma's retail stores in Massachusetts, a Williams-Sonoma employee requested that consumer's ZIP code. The Williams-Sonoma employee then wrote that ZIP code into the credit card transaction form, which is on the computerized check-out register used to process the point-of-sale transaction. Consumers typically provide this information in the mistaken belief that providing a ZIP code is necessary to complete the transaction.

23. The ZIP code is part of a credit card holder's address, and is therefore personal identification information under Mass. Gen. Laws Ch. 93 § 105(a). Williams-Sonoma and other retailers are also able to use a customer's name and ZIP code to determine their address or telephone number by using commercially available databases.

24. Mass. Gen. Laws ch. 93 § 105(c) provides that the collection of personal

identification information is a per se violation of Mass. Gen. Laws ch. 93A § 2: "Any violation of the provisions of this chapter shall be deemed to be an unfair and deceptive trade practice, as defined in section 2 of chapter 93A."

25. Mass. Gen. Laws ch. 93A § 9 provides that:

> Any person . . . who has been injured by another person's use or employment of any method, act or practice declared to be unlawful by section two . . . may bring an action in the superior court . . . for damages and such equitable relief, including an injunction, as the court deems to be necessary and proper . . . Any persons entitled to bring such action may, if the use or employment of the unfair or deceptive act or practice has caused similar injury to numerous other persons similarly situated and if the court finds in a preliminary hearing that he adequately and fairly represents such other persons, bring the action on behalf of himself and such other similarly injured and situated persons.

26. Plaintiff and the Class have been injured by Williams-Sonoma's collection of ZIP codes and Defendant's subsequent use of their personal identification information. Mass. Gen. Laws. Ch. 93 § 105 creates a protected privacy interest held by consumers in not having to divulge personal identification information, including their ZIP codes, merely to use a credit card. In addition, Plaintiff and the Class were injured by Williams-Sonoma appropriation and use of their economically valuable PII without consideration, and the profit derived from Defendant's use of Plaintiff and the Class's ZIP codes is a measure of their damages. Plaintiff and the Class were also injured by the receipt of unwanted junk mail from Williams-Sonoma.

27. In compliance with Mass. Gen. Laws. Ch. 93A § 9(3), on February 19, 2016, Plaintiff's counsel sent Defendant a written demand for relief by Federal Express, identifying Ms. Monteferrante as a claimant and reasonably describing the unfair or deceptive act alleged herein and the injury Plaintiff and other Class members suffered. Defendant did not respond with a reasonable offer to settle this matter.

## **SECOND CAUSE OF ACTION**
**(Unjust Enrichment)**

28.     Plaintiff repeats and re-allege the allegations contained in the paragraphs above as fully set forth herein.

29.     Defendant knowingly and willingly accepted benefits from Plaintiff and the Class, to wit, their economically valuable personal identification information which Defendant used for its own profit, while providing Plaintiff and the Class nothing in return.

30.     Under the circumstances described herein, it is inequitable for Defendant to retain the full monetary benefit of that information at the expense of Plaintiff and the Class.

31.     By engaging in the conduct described above, Defendant has unjustly enriched itself at the expense of Plaintiff and the Class and is required, in equity and good conscience, to compensate Plaintiff and the Class for the appropriation of their PII, the amount of such compensation to be determined at trial.

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendant as follows:

A.     Certifying this action as a class action, with a Class as defined above;

B.     On Plaintiff's First Cause of Action, awarding against Defendant statutory damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions in the amount of $25.00 per Class member, trebled;

C.     On Plaintiff's Second Cause of Action, awarding against Defendant damages that Plaintiff and the other members of the Class have suffered as a result of Defendant's actions;

D.     Awarding Plaintiff and the Class interest, costs and attorneys' fees; and

E.     Awarding Plaintiff and the Class such other and further relief as this Court deems

just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Federal Rule of Civil Procedure Rule 38, Plaintiff hereby demands a trial by jury.

DATED:  March 23, 2016

**FINKELSTEIN, BLANKINSHIP,**
**FREI-PEARSON & GARBER, LLP**

By:*/s/ D. Greg Blankinship*
D. Greg Blankinship (BBO. No. 655430)
1311 Mamaroneck Avenue, Suite 220
White Plains, New York 10605
Tel: (914) 298-3281
Fax: (914) 824-1561
*gblankinship@fbfglaw.com*

Kim E. Richman (*pro hac vice* pending)
**THE RICHMAN LAW GROUP**
81 Prospect Street
Brooklyn, New York 11201
Tel: (212) 687-8291
Fax: (212) 687-8292
*krichman@richmnalawgroup.com*

*Attorneys for Plaintiff*