UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| JUDITH MONTEFERRANTE, on behalf of herself and all others similarly situated,     Plaintiff. <br><br> v. <br><br> WILLIAMS-SONOMA, INC.,     Defendant. | C.A. No. 16-10578-MLW |

MEMORANDUM AND ORDER

WOLF, D.J.                                          March 17, 2016

I.   INTRODUCTION

On April 15, 2013, plaintiff Judith Monteferrante brought this class action against defendant Williams-Sonoma, Inc. ("Williams-Sonoma"). She seeks to represent a class of consumers whose zip codes Williams-Sonoma allegedly collected unlawfully and who subsequently received marketing materials from Williams Sonoma from April 15, 2009 to the present. Williams-Sonoma moves to strike the class allegations. It argues that the class definition is overbroad because it includes individuals whose claims are time-barred. The court agrees. Accordingly, it is allowing the Motion to Strike and striking the class allegation without prejudice.

II.   APPLICABLE LAW

A. Motion to Strike under Rule 12

Two Federal Rules of Civil Procedure authorize the court to strike a class allegation at the pleading stage. First, "[D]istrict

courts may use their authority under Federal Rule of Civil Procedure 12(f) to delete the complaint's class allegations." Manning v. Boston Medical Center Corp., 725 F. 3d 34, 59 (1st Cir. 2013)(citing Pilgrim v. Universal Heath Card, LLC, 660 F. 3d 943, 949 (6th Cir. 2011)). In addition, Rule 23(d)(1)(D) authorizes the court to "require that the pleadings be amended to eliminate allegations about representation of absent persons and that the allegation proceed accordingly."

However, the First Circuit has discouraged courts from striking class allegations before discovery:

> [C]ourts should exercise caution when striking class action allegations based solely on the pleadings, for two reasons. First, while ruling on a motion to strike is committed to the district court's sound judgment, "such motions are narrow in scope, disfavored in practice, and not calculated readily to invoke the court's discretion." This is so because "striking a portion of a pleading is a drastic remedy and...it is often sought by the movant simply as a dilatory or harassing tactic." Second, courts have repeatedly emphasized that striking class allegations under Rule 12(f) "is even more disfavored because it requires a reviewing court to preemptively terminate the class aspects of...litigation, solely on the basis of what is alleged in the complaint, and before plaintiffs are permitted to complete the discovery to which they would otherwise be entitled on questions relevant to class certification"...Accordingly, a court should typically await the development of a factual record before determining whether the case should move forward on a representative basis.

Id. (citations omitted). Therefore, the court may only strike a class allegation if "it is obvious from the pleadings that the proceeding cannot possibly move forward on a class-wide basis." See id. at 59-60 (reversing district court's order striking class

allegations where it was "plausible" that employer's allegedly unlawful practices affected employees on a class-wide basis, "even [though] the court had concerns about plaintiff's ability to represent such a diverse group of employees").

Nevertheless, "sometimes the issues are plain enough from the pleadings to determine whether the interests of the absent parties are fairly encompassed within the named plaintiff's claim..." General Telephone Co. of Southwest v. Falcon, 457 U.S. 147, 160 (1982). Rule 23(d)(1)(D) "permits courts to 'order deletion of portions [of] a complaint's class claims once it becomes clear that the plaintiffs cannot possibly prove the deleted portion of those claims,' at least where the basis for the motion to strike is distinct from the factors the court would consider on a motion for class certification." Barrett v. Forest Laboratories, Inc., 39 F. Supp. 3d 407, 458 (S.D.N.Y. 2014)(citing 5 Moore's Federal Practice §23.145 (3d ed. 2007)).

Consistent with this principle, a court may strike class allegations that plainly encompass individuals whose claims are barred by jurisdictional or time limitations. See Barrett v. Avco Financial Servs., 292 B. R. 1, 11-12 (D. Mass. 2003)(Ponsor, D.J.)(allowing motion to strike nation-wide class allegation, where court had no jurisdiction over out-of-state putative class members, and ordering plaintiff to amend with narrower class definition); Barrett, 39 F. Supp. 3d at 458-60 (narrowing scope of

putative class to include only class members whose claims accrued within applicable limitations period); Shabaz v. Polo Ralph Lauren Corp., 586 F. Supp. 2d 1205, 1211 (C.D. Cal. 2008)(same).

III. RELEVANT FACTS

Monteferrante alleges that she used her credit card to purchase items at Williams-Sonoma, a retailor with locations in Massachusetts. During that purchase, a Williams-Sonoma employee asked for her zip code. Believing that Williams-Sonoma required the information to complete her purchase, she complied. Williams-Sonoma subsequently used her zip code to identify her home address. As a result, she began receiving unwanted marketing materials from the retailer, mailings which continued "long after March 2013." Compl. at ¶6.

Monteferrante alleges that Williams-Sonoma's collection of zip code information, when it was not required by the credit card issuer, violates Mass. Gen. Laws Chapter 93, §105(a). That statute states that:

> No person, firm, partnership, corporation or other business entity that accepts a credit card for a business transaction shall write, cause to be written or require that a credit card holder write personal identification information, not required by the credit card issuer, on the credit card transaction form[, including]...a credit card holder's address or telephone number...[except when such] information is necessary for shipping, delivery or installation of purchased merchandise or services or for a warranty when such information is provided voluntarily by a credit card holder.

"Personal identification information" under §105(a) includes a consumer's zip code, when combined with the consumer's name. See Tyler v. Michael's Stores, Inc., 464 Mass. 492, 500 (2013). A violation of §105(a) is "an unfair and deceptive trade practice, as defined in [Mass. Gen. Laws Chapter 93A, §2]." Mass. Gen. Laws Chapter 93, §105(d). Monteferrante also alleges unjust enrichment based on Williams-Sonoma's "appropriation and use" of her "economically valuable" personal identity information without compensation for its own profit. Compl. at ¶26.

Monteferrante seeks to represent a class of similarly situated consumers. In particular, she seeks to represent:

> A class of all persons whose zip code was recorded by Williams-Sonoma in Massachusetts when such persons made a purchase using a credit card and who subsequently received marketing materials from Williams-Sonoma from April 15, 2009 to the present.

Compl. at ¶15.

On May 16, 2016, Williams-Sonoma moved the strike the class allegations. See Docket No. 13. Monteferrante opposed the motion. See Docket No. 18.

IV. DISCUSSION

Chapter 93A claims are subject to a four-year limitations period. See Mass. Gen. Laws c. 260, §5A. Monteferrante's unjust

enrichment claims are subject to a three-year limitations period.[1]
"A limitations period begins to run when the cause of action
accrues--that is, when the plaintiff can file suit and obtain
relief." Quality Cleaning Prods. R.C., Inc. v. S.C.A. Tissue N.
Am., LLC, 794 F. 3d 200, 203 (1st Cir. 2015). Williams-Sonoma

---

[1] The limitations period applicable to a claim of unjust enrichment
depends on whether the "essential nature" of the claim sounds in
tort or contract. See Cambridge Literary Props. Ltd. V. W. Goebel
Porzellanfabrik, G.M.B.H. & Co. K.G., 448 F. Supp. 2d 244, 262-63
(D. Mass. 2006), aff'd, 510 F. 3d 77 (1st Cir. 2007). In
Massachusetts, sale contract-based claims have a four-year statute
of limitations, Mass. Gen. Laws Chapter 106, §2-725, while tort-
based claims are actionable for three years, Mass. Gen. Laws
Chapter 260, §2A.

    Mass. Gen. Laws Chapter 93, §105(a) was "intended primarily
to address invasion of consumer privacy by merchants..." Tyler,
464 Mass. at 501. Actions based on the invasion of statutorily-
protected privacy interests, or for misappropriation of
confidential information, sound in tort and are governed by the
applicable three-year statute of limitations. See, e.g., Taylor v.
Swartwout, 445 F. Supp. 2d 98, 103 (D. Mass. 2006)(Gorton,
D.J.)(applying three-year limitations period to invasion of
privacy under Mass. Gen. Laws Chapter 214, §1B); Mass. Eye and Ear
Infirmary v. Q.L.T. Phototherapeutics, Inc., 412 F. 3d 215, 238
(1st Cir. 2005)(misappropriation of trade secrets). The harms
Monteferrante allege stem from Williams-Sonoma's alleged
exploitation of her private information, not from the breach of
any agreement, express or implied, between herself and Williams-
Sonoma. See Cambridge Literary Props., 448 F. Supp. 2d at 262-63
(applying three-year limitations period to copyright co-owner's
claim for share of defendant's profits on sales of copyrighted
work where the "claims [were] not based on a contractual
relationship between the parties, such as a failure to pay
royalties under the terms of an agreement, but instead s[ought] a
division of profits from [defendant's] exploitation of a
copyrighted work..."). Therefore, the three-year limitations
period applies.

argues that when, as here, class members' claims are based on a violation of Mass. Gen. Laws Chapter 93, §105, the clock begins to run when the retailor takes personal identifying information (here, the zip codes) from a consumer. Therefore, it argues, Monteferrante's class definition is overbroad because it covers any consumer who received marketing materials from Williams-Sonoma since April 15, 2009, even if Williams-Sonoma took that consumer's zip code outside the limitations period. In response, Monteferrante argues that Williams-Sonoma restarts the clock for any putative class member each time it mails her a catalogue using information it obtained in violation of §105 and, therefore, the class definition covers only timely claims. See Pl's Opp. at 8-9.

As this court held in Brenner v. Williams-Sonoma, a consumer's Chapter 93A and unjust enrichment claims based on a merchant's violation of §105 accrue on the date the consumer "first received unwanted marketing materials from [the defendant]." 2016 WL 5661987, at *1-2 (D. Mass. Sept. 28, 2016)(denying plaintiff leave to amend to add himself as a party in lieu of the original plaintiff, his deceased wife, because his first mailing was received in 2004 and, therefore, his claims were time-barred). Because Monteferrante's class definition plainly covers individuals who received initial mailings more than four years

before this case was filed,[2] and whose claims are, therefore, time-barred, the court finds that it is overbroad on its face.

>   a.   The Chapter 93A Class Claims

The collection of a plaintiff's zip code in violation of Mass. Gen. Laws c. 93, §105(a) is an "unfair or deceptive act" under Mass. Gen. Laws c. 93A, §9 ("Chapter 93A"), but not a cognizable injury to the consumer. See Tyler, 464 Mass. at 503-04. A Chapter 93 claim does not accrue, and the limitations period does not begin, until "injury results from the assertedly unfair or deceptive act." Cambridge Plating Co. v. Napco, Inc., 991 F.2d 21, 25 (1st Cir. 1993) (citing Int'l Mobiles Corp. v. Corroon & Black/Fairfield & Ellis, Inc., 29 Mass. App. Ct. 215, 220-21 (1990)). Therefore, a plaintiff may not bring a Chapter 93A claim based on a merchant's violation of §105(a) until she suffers a distinct injury resulting from the violation. See id. at 503.

---

[2] The court recognizes that the limitations period for at least some class members' claims may have been tolled during the pendency of Brenner v. Williams-Sonoma, C. A. No. 13-10931-MLW, which was filed on April 15, 2013. See American Pipe & Construction Co. v. Utah, 414 U.S. 538, 554 (1974) ("[T]he commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action."). Brenner sought to certify a class of "All persons whose zip code was recorded by Williams-Sonoma in Massachusetts when such persons made a purchase using a credit card from April 15, 2009 to the present." See C.A. No. 13-10931-MLW, Docket No. 1 at ¶14. However, the period for individuals falling outside this class definition would not have been tolled under that rule.

Accordingly, her claim accrues, and the statute of limitations begins to run, on the date that she suffers such an injury. See Cambridge Plating, 991 F.2d at 25. The statute of limitations may be tolled until "the plaintiff discovers, or reasonably should have discovered, that she may have been injured as a result of the defendant's conduct." Id. at 25.

"When a merchant acquires personal identification information in violation of §105(a) and uses the information for its own business purposes," including "by sending the customer unwanted marketing materials," "the merchant has caused the consumer an injury that is distinct from the statutory violation itself and cognizable under [Mass. Gen. Laws Chapter 93A]." Tyler, 464 Mass. at 504. The receipt of unwanted marketing materials is the only injury alleged in the complaint. Therefore, the limitations period for any given class member would begin when he or she received a mailing sent using an unlawfully obtained zip code.

Repeated unwanted mailings do not extend the limitations period applicable to putative class members because they are not continuing violations of Chapter 93A. Under the "continuing violation" doctrine, if a defendant engages in continuous or repeated pattern of unlawful acts, each such act "rewinds the clock," for limitations purposes, as to the others. Mack v. Great Atlantic & Pacific Tea Co., 871 F. 2d 179, 183 (1st Cir. 1989). However, in determining whether there is a "continuing violation"

that extends the statute of limitations, "courts must be careful to differentiate between [the unlawful] acts and the ongoing injuries which are the natural, if bitter, fruit of such acts," which do not restart the clock. Gilbert v. City of Cambridge, 932 F. 2d 51, 58 (1st Cir. 1991); see also Asociacion de Suscripcion Conjunta del Seguro de Responsabilidad Obligatorio v. Juarbe-Jimenez, 659 F. 3d 42, 51 (1st Cir. 2011).[3] A defendant's subsequent act only renews the statute of limitations as to time-barred claims if that act is itself unlawful. See Centro Medico del Turabo, Inc. v. Feliciano de Melecio, 406 F. 3d 1, 7 (1st Cir. 2005); Mack, 871 F. 2d at 183.

In Mack, an African-American woman alleged that her employer discriminated against her when it promoted three more junior white men instead of her. Id. at 181. The promotions occurred outside the applicable limitations period. Id. at 182. However, the

---

[3] For example, in actions for copyright infringement, the limitations period begins running when plaintiff knows that the "initial infringement took place" and continues to run even though the defendant distributes new infringing copies of the work. See Luar Music Corp. v. Universal Music Group, Inc., 847 F. Supp. 2d 299, 307-11 (D. P. R. 2012)(citing Cambridge Literary Props. Ltd. V. W. Goebel Porzellanfabrik, G.M.B.H. & Co. K.G., 510 F. 3d 77, 88 (1st Cir. 2007)). The same principle applies in actions for misappropriation of trade secrets, which accrue when the plaintiff should have learned that the defendant was improperly using his technology. See Epstein v. C.R. Bard, Inc., 460 F. 3d 183, 187-88 (1st Cir. 2006).

plaintiff was subsequently demoted to part-time status during a lay-off that affected only lower-level employees. Id. at 181. She argued that the demotion, which occurred during the limitations period, constituted a "continuing violation" because she would not have been demoted then had she been promoted earlier. Id. at 182. Rejecting her argument, the court held that the only allegedly discriminatory act was the out-of-time failure to promote, and the demotion was, at most, merely a "consequence" of that failure. Id. at 182. Therefore, it did not constitute a "continuing violation" sufficient to restart the clock. Id. at 182-83.

Monteferrante's complaint alleges only a single violation of Chapter 93A--Williams-Sonoma's deceptive collection of zip code information. Monteferrante cites no authority for the proposition that each resulting unwanted mailing is, itself, a new violation of §105(a) or an otherwise "unfair and deceptive" act. Subsequent mailings, therefore, are not "continuing violations" because they are not "violations" of Chapter 93A at all. At most, like the plaintiff's demotion in Mack, they are continuing harms that result from the same breach of privacy. Such continuing injuries do not restart the statute of limitations with respect to the single violation at issue. See Mack, 871 F. 2d at 183.

Finally, the discovery rule does not extend the limitations period beyond the date that a class member received his or her first unwanted mailing. Under that rule, where a plaintiff has

suffered an "inherently unknowable" wrong, his claim does not accrue until he knows or reasonably should know of "two related facts: (1) that he was harmed; and (2) that his harm was caused by the defendant's conduct." Harrington v. Costello, 467 Mass. 720, 725 (2014). The plaintiff has the required notice of these two facts when a "reasonable inquiry would have disclosed" them. Cambridge Plating, 991 F. 2d at 27 ("Accrual of the plaintiff's cause of action is tested, therefore, by what a reasonable person in her position would have known or on inquiry would have discovered at the various relevant times."). In McIntyre v. United States, the First Circuit described the discovery rule's "inquiry notice" standard in the context of a claim under the Federal Torts Claims Act:

> The test for whether a plaintiff should have discovered necessary facts is an objective one. We look first to whether sufficient facts were available to provoke a reasonable person in the plaintiff's circumstances to inquire or investigate further. A claim does not accrue when a person has a mere hunch, hint, suspicion, or rumor of a claim, but such suspicions do give rise to a duty to inquire into the possible existence of a claim in the exercise of due diligence. Once a duty to inquire is established, the plaintiff is charged with the knowledge of what he or she would have uncovered through a reasonably diligent investigation. The next question is whether the plaintiff, if armed with the results of that investigation, would know enough to permit a reasonable person to believe that she had been injured and that there is a causal connection between the government and her injury.

367 F.3d 38, 52 (1st Cir. 2004)(citations omitted).

Monteferrante argues that "[a]ll class members' claims are tolled under the discovery rules because reasonable consumers have no reason to suspect that their receipt of unwanted marketing materials was caused by Williams-Sonoma's unlawful use and collection of their personal identifying information." Pl's Opp. at 9-10. In Brenner, however, this court explained that the discovery rule delays accrual only until the plaintiff "learn[s] that [s]he sustained appreciable harm as a result of [the defendant's] conduct:" not "until [she] learns that [s]he was legally harmed." 2016 WL 5661987, at *2 (citing Harrington, 467 Mass. at 729 (discovery rule did not toll limitations period, where plaintiff was falsely accused of stalking in 2005, but did not know false statement was completely fabricated and, therefore, legally actionable, until 2007)). Accordingly, it found that a consumer's Chapter 93, §105-based claims accrued when he first received a marketing mailing from Williams-Sonoma on November 23, 2004. See id.[4]

As this court found in Brenner, the receipt of Williams-Sonoma's marketing materials would have supplied a putative class

---

[4] As the court found, Brenner first received marketing materials on November 23, 2004, and his claims accrued "on that date." Id. at *1. The court later stated that Brenner's claims accrued on "November 23, 2009." Id. at *2. The latter date was an error and should read "November 23, 2004," consistent with the earlier statement.

member with the facts sufficient to realize that she had been harmed (by receiving the marketing materials) by Williams-Sonoma and its possession of her home address information. Monteferrante's class definition, however, encompasses individuals who received any mailing after April 15, 2009, even if they received their first such mailing before that date. Therefore, the class allegation, on its face, encompasses individuals who claims would be barred by Chapter 93A's four-year statute of limitations, and may be struck.

     b. Unjust Enrichment Class Claims

On the same reasoning, Monteferrante's class allegation is overbroad with respect to the unjust enrichment claims. The equitable doctrine of unjust enrichment entitles a plaintiff to restitution for any benefit knowingly retained by the defendant at her expense--for example, profits derived from the defendant's use of her confidential information--when it would be inequitable for the defendant to retain that benefit without paying her. See Mass. Eye & Ear Infirmary v. QLT Phototherapeutics, Inc., 552 F. 3d 47, 57 (1st Cir. 2009). Williams-Sonoma is incorrect that a claim for unjust enrichment accrues when a defendant takes protected information in violation of §105. Williams-Sonoma was only unjustly enriched and, therefore, class members' claims only accrued, when Williams-Sonoma began using their information for economic gain, for example, by using the information to send

14

mailings or selling it to third parties. See Karp v. Gap, Inc.,
2014 WL 4924229, at *2 (D. Mass. Sept. 29, 2014)("The mere
recording of a zip code is insufficient for a claim of unjust
enrichment without separate allegations as to how the merchant
realized economic value.").

It is not obvious, without further factual development, that
class members could feasibly have discovered that their zip codes
were being used for profit until they received a mailing from
Williams-Sonoma. However, as the court found in Brenner, receiving
an initial mailing would alert a reasonable individual of the basis
for his unjust enrichment claim. 2016 WL 5661987, at *2. Because
Monteferrante's class definition, on its face, encompasses
individuals who received that first mailing outside the
limitations period, it is overbroad.

V.   CONCLUSION

In view of the foregoing, the court is allowing the motion to
strike. The court does not find it obvious, however, that no class
could be certified if Monteferrante limited the class definition
to individuals whose zip code information was taken in violation
of Chapter 93, §105 and who received an initial mailing from
Williams-Sonoma within the limitations period. Therefore, the
court is striking the class allegations without prejudice to a
motion to amend the complaint with a new class definition
consistent with this Memorandum and Order.

VI.   ORDER

In view of the foregoing, it is hereby ORDERED that:

1.   The Motion to Strike the class allegations (Docket No. 13) is ALLOWED without prejudice to the filing of an Amended Compliant by April 20, 2017.

2.   Defendant shall respond to the Amended Complaint within 21 days of service.

3.   Plaintiff's Motion to Set a Pretrial Scheduling Conference (Docket No. 20) is ALLOWED. A scheduling conference shall be held on May 4, 2017. The parties shall respond to the attached Order concerning that conference.

UNITED STATES DISTRICT JUDGE